# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES A. WIDTFELDT, | ) | CASE NO. 8:05CV8 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| HOLT COUNTY BOARD OF EQUALIZATION, NEBRASKA TAX EQUALIZATION AND REVIEW COMMISSION, STATE OF NEBRASKA, HOLT COUNTY BOARD OF EQUALIZATION OF THE STATE OF NEBRASKA, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants, the State of Nebraska's and the Nebraska Tax Equalization and Review Commission's (TERC), motion to dismiss (Filing No. 35), the defendant, United States', motion to dismiss (Filing No. 37), and the plaintiff, James Widtfeldt's, Motion to Add Necessary Parties (Filing No. 43).

Plaintiff has brought these actions against the Holt County Board of Equalization, the TERC, the State of Nebraska, and the United States. In his lengthy complaint, plaintiff raises five general claims, each containing many additional arguments: (1) that the Nebraska Unicameral is not a republican form of government and therefore many enabling statutes enacted by the Nebraska Legislature are unconstitutional; (2) that the United States Department of Agriculture ("USDA") farming regulations concealed USDA or Farm Service Agency ("FSA") payments in order to disguise land value by concealing low farm income; (3) that the City of O'Neill housing regulations governing residential housing unconstitutionally decrease land values; (4) that the City of O'Neill transfers water bills from

renters to property owners in violation of constitutional due process; and (5) that Nebraska court rules are unconstitutional. In addition to these five claims, plaintiff states that he included TERC and the Holt County Board of Equalization as defendants because he is alleging that TERC is not "constitutionally chartered," and is requesting that this court overturn a property tax valuation assessed by the Holt County Board of Equalization and upheld by TERC. Furthermore, plaintiff seeks the following in the form of relief: (1) amendments of Nebraska statutes and reinstatement of statutes that were repealed by the State of Nebraska; (2) a determination that TERC is not properly chartered and is violating plaintiff's fundamental rights; (3) change of the tax base and appraisal methods for commercial and agricultural real property in Nebraska; (4) a determination that the State of Nebraska has harassed plaintiff and deprived him of the protection of the laws, and an award of damages for these actions by the state; (5) a determination that the State of Nebraska restrains commerce by regulating the practice of law in Nebraska and a change in the Nebraska court rules; and (6) a determination that the Nebraska Constitution creating a one house legislature violates the Privileges and Immunities clause of the United States Constitution and an order requiring the State of Nebraska to form a two-house chamber legislature.

TERC and the State of Nebraska seek dismissal of this case on the basis of personal jurisdiction, insufficiency of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. The United States seeks dismissal of the case for lack of subject matter jurisdiction and ineffective service of process as far as defendant's claims are against the USDA, the FSA, the Internal Revenue Service ("IRS"), or the Department of Housing and Urban Development ("HUD").

## DISCUSSION

**I.  Service of Process**

In Filing No. 37 the United States asserts, among other arguments, that the plaintiff's second amended complaint should be dismissed on the basis that plaintiff failed to effect service of process on the FSA, HUD, IRS, and the USDA, and therefore, this court lacks jurisdiction over the claims. While the plaintiff's second amended complaint is exceedingly difficult to decipher, it is clear from the substance of the plaintiff's arguments, and from the remedies he seeks, that, in his view, his rights were violated by the FSA, Department of HUD, IRS, and the USDA. Therefore, to go forward with his claims it was necessary to effect service of process on these agencies. Federal Rule of Civil Procedure 4(I) regarding "[s]erving the United States, Its Agencies, Corporations, Officers, or Employees," states:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the **United States attorney for the district in which the action is brought** or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney
>
> and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the **Attorney General of the United States** at Washington, District of Columbia,
>
> and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to **the officer or agency**.

3

The defendant is correct that the plaintiff did not comply with Fed. R. Civ. P. 4(I), because from the record before this court it appears that the plaintiff did not serve a copy of the summons and complaint to the FSA, HUD, IRS, or USDA. Therefore, lacking jurisdiction over the Untied States, the court grants its motions to dismiss.

The court is cognizant that the plaintiff has requested leave to amend his complaint to add the above titled agencies as necessary parties. However, because the court has determined that the plaintiff's claims lack merit, the court will not grant defendant leave to amend nor will it allow him additional time to serve the requisite agencies. It is of note that plaintiff is trained in the law and should be aware of the court rules of procedure governing service of process. Accordingly, the court will not provide plaintiff with the liberal construction of pleadings it affords a typical pro se plaintiff.

## II. Claims Against Holt County Board of Equalization and TERC

In Filing No. 35, TERC moves to dismiss plaintiff's complaint for failure to state a claim for which relief can be granted. Upon review of the documents submitted in this case, it is clear that the plaintiff has failed to make any cognizable argument against either TERC or the Holt County Board of Equalization. While plaintiff purports to challenge property tax determinations against Holt County Board of Equalization and TERC, there is no specific argument in plaintiff's complaint challenging a decision by either defendant. Therefore, TERC's motion to dismiss is granted and plaintiff's complaint is dismissed as against TERC for failure to state a claim for which relief can be granted. Furthermore, upon consideration, and based upon reconsideration of Filing No. 19, the plaintiff's complaint as against Holt County Board of Equalization is dismissed for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### III.     Claims Against State of Nebraska

The remaining claims are against the State of Nebraska.  Upon review of the record, this court has concluded that it does not have the authority to address plaintiff's claims or grant the relief sought by plaintiff.

#### A.     Eleventh Amendment Bars Recovery From the State

In Filing No. 35, the State of Nebraska seeks to be dismissed from this action on the basis of the State of Nebraska's sovereign immunity as preserved by the Eleventh Amendment to the United States Constitution.

State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing the State or its agencies and instrumentalities, except insofar as the State or the Congress of the United States has abrogated the state's sovereign immunity.  *See Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 744 (8th Cir. 1998).

Furthermore, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (emphasis in original).  *See also Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 39-40 (1994) ("The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals")*; Trevelen v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996) ("The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens")*; Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999) ("This court

has previously held that the State of Nebraska has not consented to federal court jurisdiction"). The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

The Neb. Const. art. V, § 22, provides that "[t]he state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." "This constitutional provision, however, is not self-executing and requires legislative action to waive the State's sovereign immunity." *King v. State*, 614 N.W.2d 341, 346 (Neb. 2000). For example, the Nebraska Legislature has waived sovereign immunity for certain kinds of tort actions against the state and its agencies. See the Nebraska State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209 *et seq.* However, the waiver of sovereign immunity under the State Tort Claims Act does not extend to actions maintained in federal court. *See* Neb. Rev. Stat. § 81-8,214: "Suits shall be brought in the district court of the county in which the act or omission complained of occurred or, if the act or omission occurred outside the boundaries of the State of Nebraska, in the district court for Lancaster County." Thus, section 81-8,214 is a limited waiver of sovereign immunity which permits an action against the state or a state agency **exclusively** in state district court.

The state's Administrative Procedure Act ("APA") creates a limited waiver of sovereign immunity for appeals from adverse decisions by an agency. Neb. Rev. Stat. §§ 84-901 *et seq.* However, appeals of contested cases under the APA must be brought in state district court. Neb. Rev. Stat. § § 84-917.

In addition, Neb. Rev. Stat. § 84-911 permits a declaratory judgment to determine the validity of a rule or regulation. However, such an action may be brought only in the District Court of Lancaster County, Nebraska. Neb Rev. Stat. 84-911 states:

> (1) The validity of any rule or regulation may be determined upon a petition for a declaratory judgment thereon addressed to the **district court of Lancaster County** if it appears that the rule or regulation or its threatened application interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule or regulation in question.
>
> (2) The court shall declare the rule or regulation invalid if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with the statutory procedures. For purposes of this subsection, statutory procedures shall not include procedures provided under the Negotiated Rulemaking Act.

(Emphasis added.)

None of the foregoing limited waivers of sovereign immunity permits an action in federal court. Consequently, the State of Nebraska must be dismissed from this litigation because the State, its agencies and instrumentalities, and its officers and employees in their official capacity cannot be made to answer to the plaintiff in this court for compensatory or injunctive relief.

### B. Relief Requested by Plaintiff is Barred

Plaintiff seeks damages for the state's alleged constitutional violations, however, the Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the

state treasury is barred by the Eleventh Amendment"). "States and state officers acting in their official capacity are immune from suits for damages in federal court." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 609 (2001), *citing Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Furthermore, the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), holds that the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials in their official capacity. However, while a suit to enjoin state officials in their official capacity may proceed if the complaint alleges an ongoing violation of federal law, and seeks relief properly characterized as prospective, a declaratory judgment establishing **past liability** of the State is nevertheless forbidden by the Eleventh Amendment. *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 646 (2002).

Based on the foregoing, the Eleventh Amendment bars the relief sought by plaintiff. Finally it is noted that this court lacks jurisdiction and any basis in law to repeal the Unicameral form of state government. This court has no power to "repeal" Nebraska's unicameral form of state legislature, and the relief requested by the plaintiff cannot be granted by this court.

THEREFORE, IT IS ORDERED:

1. The Defendant State of Nebraska's Motion to Dismiss (Filing No. 35) is granted on sovereign immunity grounds, and such dismissal is with prejudice;

2. The Defendant TERC's Motion to Dismiss (Filing No. 35) is granted based on Plaintiff's failure to state a claim on which relief may be granted, and such dismissal is with prejudice;

3. The Defendant United States' Motion to Dismiss (Filing No. 37) is granted based on Plaintiff's failure to effect service of process, and such dismissal is without prejudice;

4. The Defendant Holt County Board of Equalization is dismissed as a party upon reconsideration of Filing No. 19, and for failure to state a claim on which relief can be granted, and such dismissal is with prejudice;

5. The Plaintiff's Motion to Add Necessary Parties (Filing No. 43) is denied as moot;

6. The Second Amended Complaint and all claims set forth therein are dismissed; and

7. The parties shall bear their own costs unless otherwise agreed.

DATED this 4th day of August, 2006.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge