IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES A. WIDTFELDT, | ) | CASE NO. 8:05CV8 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| HOLT COUNTY BOARD OF EQUALIZATION, NEBRASKA TAX EQUALIZATION AND REVIEW COMMISSION, STATE OF NEBRASKA, HOLT COUNTY BOARD OF EQUALIZATION OF THE STATE OF NEBRASKA, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the court on plaintiff, James Widtfeldt's, motion for reconsideration. (Filing No. 46). Widtfeldt asks this court to reconsider its Memorandum and Order dismissing his Second Amended Complaint against the State of Nebraska, the Nebraska Tax Equalization and Review Commission (TERC), the United States, and the Holt County Board of Equalization.

In plaintiff's lengthy complaint he raised five general claims, each containing many additional arguments: (1) that the Nebraska Unicameral is not a republican form of government and therefore many enabling statutes enacted by the Nebraska Legislature are unconstitutional; (2) that the United States Department of Agriculture ("USDA") farming regulations concealed USDA or Farm Service Agency ("FSA") payments in order to disguise land value by concealing low farm income; (3) that the City of O'Neill housing regulations governing residential housing unconstitutionally decrease land values; (4) that

the City of O'Neill transfers water bills from renters to property owners in violation of constitutional due process; and (5) that Nebraska court rules are unconstitutional.

In Filing No. 45 the court dismissed the claims against the United States on the basis that the plaintiff failed to effect service of process on the FSA, HUD, IRS, and the USDA, and therefore, this court lacked jurisdiction over the claims. The court dismissed the claims against the Holt County Board of Equalization and the TERC for failure to state a claim for which relief can be granted. And the court dismissed the claims against the State of Nebraska on grounds of sovereign immunity.

In his motion for reconsideration, Widtfeldt asks this court to reconsider its Memorandum and Order based on the discovery of new evidence. Widtfeldt argues that the additional suspension of his law license, and new grievances made by the City of Atkinson against tenants in his rental properties suffice as new evidence and support his motion for reconsideration. But Widtfeldt's motion does not address the defects in his original complaint. Therefore, because the defendant's Motion for Reconsideration does not raise facts or legal arguments which would cause the court to reconsider the previous Memorandum and Order entered in this matter Filing No. 46 is denied.

IT IS SO ORDERED.

DATED this 30th day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge